Charles J. Kocher, Esq. (NJ ID 016952004)
Tyler J. Burrell, Esq. (NJ ID 377942021)
Gaetano J. DiPersia, Esq. (NJ ID 442152023)
McOMBER McOMBER & LUBER, P.C.
50 Lake Center Drive, Suite 400
Marlton, NJ 08053
(856) 985-9800
*Attorneys for Class Representative Plaintiff*
*Christelle McClure, on behalf of herself and all*
*others similarly situated for Rule 23(b)(3) Class*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTELLE MCCLURE, on behalf of herself and all others similarly situated,<br><br>                    Plaintiffs,<br><br>        v.<br><br>GENPSYCH, INC., HENRY ODUNLAMI, GENPSYCH, INC. 401(K) PLAN,<br><br>                    Defendants. | Civ. No.: _____ |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Class Representative Plaintiff Christelle McClure, through her undersigned counsel, files her Complaint against Defendants GenPsych, Inc., Henry Odunlami, and Nominal Defendant GenPsych, Inc. 401(K) Plan, alleges as follows:

1

## INTRODUCTION

1.     This is an action brought pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, et seq., by Plaintiff McClure on behalf of a Class of participants and beneficiaries in the GenPsych Inc. 401(K) Plan ("the Plan"), an ERISA-regulated pension plan, against the Plan's fiduciaries for breaching their fiduciary duties, and engaging in prohibited transactions.

2.     Among the remedies for these breaches and violations, this class action seeks (a) a determination that Defendants breached their fiduciary duties and violated ERISA by failing to promptly remit employee contributions to the Plan; (b) an accounting from Defendants; (c) a surcharge against Defendants for all investment losses and other financial harm caused to Plaintiff and the Class as a result of Defendants' conduct; (d) to impose a constructive trust over all employee contributions not yet remitted to the Plan; and (e) such other relief the Court deems proper.

## THE PARTIES

**Class Representative Plaintiff**

3.     Plaintiff Christelle McClure is a Psychiatric Mental Health Nurse Practitioner who resides in Jersey City, New Jersey. From at least 2023 through the present, Plaintiff has been a participant of the Plan within the meaning of ERISA, 29

U.S.C. § 1002(7), because she had an account in the Plan, and she has a colorable claim for additional benefits.

**Defendants**

4.     Defendant GenPsych is a mental health and substance abuse treatment provider organized and existing under the laws of the New Jersey with a principal place of business at 5 Regent St., Livingston, NJ 07039.

5.     The fiduciary of the Plan is the founder and Chief Executive Officer of Defendant GenPsych, Henry Odunlami ("Defendant Odunlami"). Defendant Odunlami breached his fiduciary duties and engaged in prohibited transactions by failing to remit employee contributions to the Plan within the specified time.

6.     The Plan's Summary Plan Description ("SPD") identifies GenPsych as the Plan Sponsor and Defendant Odunlami as the Administrator as those terms are defined in ERISA § 3(16), 29 U.S.C. § 1002(16)[1]. Accordingly, GenPsych was a fiduciary of the Plan under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), because it exercised discretionary authority or discretionary control respecting management of the Plan or had discretionary authority or discretionary responsibility in the administration of the Plan, or a combination of both.

---

[1] Plaintiff has been unable to retrieve a copy of the SDP, as Defendant GenPsych never provided the document upon Plaintiff's enrollment in the Plan.

**Nominal Defendant**

7.     Nominal Defendant GenPsych, Inc. 401(K) Plan ("Plan Defendant") is an "employee pension benefit plan" within the meaning of ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A). The Plan Defendant purports to be a "defined contribution plan" within the meaning of ERISA § 3(34), 29 U.S.C. § 1002(34).

8.     The Plan Defendant is named as a nominal defendant under Rule 19 to ensure that complete relief can be granted as to claims brought against the Plan Defendant. The Plan Defendant has a business address in Bridgewater, New Jersey.

## JURISDICTION AND VENUE

9.     The Court has general subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as it arises under the federal ERISA statute and specifically pursuant to 29 U.S.C. §§ 1132(e)(1) and 1132(f), which gives a district court jurisdiction to hear civil actions brought pursuant to 29 U.S.C. § 1132.

10.     Venue is proper in this District pursuant to 29 U.S.C. §1132(e)(2) because, at all relevant times, the Plan was and is administered in this District, the breaches and violations giving rise to the claims occurred in this District, and Defendants may be found in this District. Venue is also proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District, and at least some of Defendants reside in this District.

11.    The Court has personal jurisdiction over Defendants as the Plan is administered in this District and Division, and GenPsych is domiciled in this District, and Defendants transact business in this District and Division. This Court also has personal jurisdiction over Defendants because Defendants transact business in and have significant contacts within this District, and because ERISA provides for nationwide service of process pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## FACTUAL ALLEGATIONS

12.    Plaintiff commenced employment with Defendant GenPsych on or about September 5, 2019, as a Psychiatric Mental Health Nurse Practitioner.

**Defendant GenPsych Fails to Remit Employee Contributions**

13.    Beginning in April 2023, Plaintiff made bi-weekly contributions to the Plan, and accordingly became a "participant" of the Plan as that term is defined by ERISA.

14.    Plaintiff initially made "catchup" contributions to the plan, and thereafter contributed approximately 10% of her pretax pay each pay period. At all times, the contributions were deducted from her paycheck on a pretax basis.

15.    However, in September 2023, Plaintiff discovered that despite her bi-weekly contributions, the amount that had been deposited into Plaintiff's 401(k)

account maintained by Voya Financial ("Voya")[2] in 2023 was far below the amount being withheld from her pay.

16.     Upon discovering this, Plaintiff asked Defendants about the discrepancy, but Defendants ultimately failed to address Plaintiff's concerns.

17.     Worse, even after her inquiry, Plaintiff's subsequent paystubs still showed monies being withheld for contributions to the Plan. Despite this, Plaintiff's contributions were still not being made not only on an untimely basis, but not at all.

18.     Overall, Plaintiff contributed $17,663.51 to the Plan in 2023. Plaintiff's final pay stub in 2023 is seen below showing this deduction from her pay.



---

[2] "Voya is a leading provider of retirement products and services in the U.S., serving approximately 38,000 U.S. employers and approximately 7 million individual retirement plan participants. Voya also has approximately 450 financial professionals serving retail and workplace clients." https://www.voya.com/about-us/our-company (last visited May 21, 2024).

19.     Despite Plaintiff's contributions being withheld from her pay each pay period, only one (1) contribution for $923.08 had been deposited into Plaintiff's 401(k) for the entirety of 2023 administered by Voya.



20.     Indeed, ***Defendants had unlawfully retained $16,740.43 of Plaintiff's 2023 contributions that never made their way into Plaintiff's 401(K).***

21.     Under ERISA, employers are required to remit employee contributions to a 401(k) plan on the earliest date on which the contributions can be reasonably segregated from the employer's general assets. Department of Labor ("DOL") regulation 29 C.F.R. § 2510.3-102 regulates the time by which employers must segregate employee contributions from the employer's general assets (i.e. actually contribute the money to the Plan). For employers with less than 100 plan participants, this period is no more than seven business days after the amounts have been withheld from the employee's pay. For employers with 100 or more participants, the deadline is shorter unless the employer can prove that a longer

period is reasonable. During the period covered by the Class, it is believed the Plan has had at least 200 participants.

22.    Defendants did not remit the employee contributions withheld from employees' pay to the Plan on the earliest date on which the contributions can be reasonably segregated from the employer's general assets.

23.    Instead, upon information and belief, Defendants commingled the employee contributions withheld from employees' pay with GenPsych's general assets and would use those employee contributions for their own purposes, including, upon information and belief, funding GenPsych's operations.

24.    By failing to remit Plaintiff's contributions, along with contributions from all other participants in the Plan, Defendants violated ERISA.

## CLASS ACTION ALLEGATIONS

25.    Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following Class defined as follows:

> Participants in the Plan who had contributions deducted from their compensation between May 21, 2018 to the present and for whom such contributions were not contributed to the Plan within 15 days and the beneficiaries of such participants.

26.    Excluded from the Class are the following persons: (a) the Defendants, (b) other persons who had decision-making or administrative authority relating to

the administration, modification, funding or interpretation of the Plan, (c) the beneficiaries of such persons or the immediate family members of any of the foregoing excluded persons, and (d) the legal representatives, successors and assigns of any such excluded persons.

**Numerosity**

27.    The members of the Class are so numerous that joinder of all members is impracticable.

28.    According to GenPsych's most recent Form 5500 filing in 2020, the Plan has approximately 272 participants. Defendants have failed to file updated Form 5500s since 2020, however upon information and belief, the Plan has in excess of 200 participants as of this filing.

29.    Additionally, most of the Plan participants likely had at least one beneficiary, and some participants likely designated more than one beneficiary. Indeed, Plaintiff had three beneficiaries during the Plan year 2023. As such, the Class may include over 300 persons.

**Commonality**

30.    The issues of liability are common to all members of the Class and are capable of common answers as those issues primarily focus on Defendants' acts or their failure to act. Questions of law and fact common to the Class as a whole include, but are not limited to, the following:

a. Whether Defendants breached their duties by failing to promptly remit employee contributions to the Plan;

b. Whether Defendant GenPsych breached their fiduciary duties to participants of the Plan by retaining employee contributions to the Plan to which they were not entitled;

c. Whether Defendants acted in contradiction to the Plan's written documents;

d. What is the appropriate relief to remedy Defendants' fiduciary breaches, violations and/or prohibited transactions.

**Typicality**

31. Plaintiff's claims are typical of those of the Class because their claims arise from the same event, practice and/or course of conduct. Specifically, Plaintiff, on behalf of the Class, alleges that Defendants breached their fiduciary duties, engaged in prohibited transactions, or otherwise violated ERISA by retaining the employee contributions for a lengthy period prior to remitting them to the Plan.

**Adequacy**

32. Plaintiff will fairly and adequately represent and protect the interests of the Class.

33. Plaintiff does not have any interests antagonistic to or in conflict with those of the Class.

34.     Defendants do not have any unique defenses against Plaintiff that would interfere with Plaintiff's representation of the Class.

35.     Plaintiff is represented by counsel with experience in ERISA and class actions.

**Rule 23(b)(1)**

36.     Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(1)(B). Administration of an ERISA-covered plan requires that all similarly situated participants be treated the same. Defendants' duties and obligations were the same for all participants in the Plan. Resolving whether Defendants fulfilled their fiduciary obligations to the Plan, or if Defendants engaged in prohibited transactions with respect to the Plan would, as a practical matter, be dispositive of the interests of the other participants in the Plan even if they are not parties to this litigation and would substantially impair or impede their ability to protect their interests if they are not made parties to this litigation by being included in the Class.

37.     Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(1)(A). Fiduciaries of ERISA-covered plans have a legal obligation to act consistently with respect to all similarly situated participants and to act in the best interests of the plan and their participants. This action challenges whether Defendants acted consistently with their fiduciary duties or otherwise violated ERISA. As the primary issues in this case involve the failure to promptly remit employee contributions to the Plan,

conflicting interpretations of the same practices create the risk of establishing incompatible standards of conduct for Defendants. As a result, prosecution of separate actions by individual members would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct relating to the Plan.

**Rule 23(b)(2)**

38.     Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the Class as a whole. This action challenges whether Defendants acted consistently with their fiduciary duties or otherwise violated ERISA with respect to uniform practices across the Plan.

39.     The members of the Class are entitled to declaratory and injunctive relief to remedy Defendants' fiduciary violations. As ERISA is based on trust law, any monetary relief consists of equitable monetary relief and is either provided directly by the declaratory or injunctive relief or flows as a necessary consequence of that relief.

**Rule 23(b)(3)**

40.     The requirements of Fed. R. Civ. P. 23(b)(3) are also satisfied. Common questions related to liability will necessarily predominate over any individual

questions precisely because Defendants' duties and obligations were uniform to all participants and therefore all members of the Class. Plaintiff and all Class members have been harmed by Defendants' failure to promptly remit employee contributions to the Plan.

41.    A class action is a superior method to other available methods for the fair and efficient adjudication of this action. A single proceeding rather than multiple proceedings will efficiently resolve the issues in this litigation. The amount to be recovered by individual Class members is small compared to the expense and burden of individual prosecution of this action. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendants' duties and liability regarding the Plans.

42.    The following factors set forth in Rule 23(b)(3) also favor certification of this case as a class action:

a.    The members of the Class have an interest in a unitary adjudication of the issues presented in this action for the reasons that this case should be certified under Rule 23(b)(1);

b.    No other litigation concerning this controversy has been filed by any other members of the Class;

c.    This District is a desirable location for concentrating the litigation for reasons that include (but are not limited to) the following: (i)

13

Defendant GenPsych was and is headquartered in this District, (ii) the Plan in which Plaintiff participated is administered in this District, and (iii) as most of the employees worked at offices within a short drive, this is the District that is convenient to most Class Members;

    d.    There are no difficulties in managing this action as a class action.

**COUNT I**
**Breach of Fiduciary Duty Under ERISA § 404(a)(1)**
***(On Behalf of Plaintiff and the Class)***

43.    Plaintiff repeats, reaffirms, and realleges the foregoing paragraphs of the Complaint as if they were fully restated at length herein.

44.    This count is brought pursuant to 29 U.S.C. § 1132(a)(1)(B).

45.    ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), requires that a plan fiduciary discharge his or her duties with respect to a plan solely in the interest of the participants and beneficiaries and (A) for the exclusive purpose of providing benefits to participants and their beneficiaries; (B) with "care, skill, prudence, and diligence;" and (D) to act in accordance with the documents and instruments governing the plan insofar as those documents and instruments are consistent with ERISA.

46.    As the Restatement of Trusts (Second) § 170 explains, a fiduciary "is under a duty not to profit at the expense of the beneficiary." The Restatement of Trusts (Second) § 170 further explains that a fiduciary "violates his duty to the

beneficiary" where "he uses the trust property for his own purposes" including for example to "lend trust money to himself" or even accept a bonus, commission or other compensation "for any action done by him in connection with the administration of the trust."

47.    As the Restatement of Trusts (Second) § 172 explains, a fiduciary is "under a duty to keep accounts showing in detail the nature and amount of trust property and the administration thereof" and if the fiduciary "fails to keep proper accounts, he is liable for any loss" and the "burden of proof is upon the [fiduciary] to show that he is entitled to the credits that he claims."

48.    DOL Regulation 29 C.F.R. § 2510.3-102(a) defines in relevant part that "the assets of the plan include amounts (other than union dues) that a participant or beneficiary pays to an employer, or amounts that a participant has withheld from his wages by an employer, for contribution or repayment of a participant loan to the plan, as of the earliest date on which such contributions or repayments can reasonably be segregated from the employer's general assets."

49.    Plaintiff was an employee of Defendant GenPsych and participant of the Plan. The contributions by Plaintiff and other employees were plan assets once they were withheld from their pay and before those contributions were actually paid to the Plan.

15

50.    Under ERISA § 404(a)(1)(A) and (B), 29 U.S.C. § 1104(a)(1)(A) and (B), Defendants had an obligation to segregate contributions to the Plan by Plaintiff and other employees from Defendant GenPsych's general assets.

51.    Under ERISA § 404(a)(1)(A) and (B), 29 U.S.C. § 1104(a)(1)(A) and (B), Defendants had an obligation to remit employee contributions to the Plan on the earliest date on which the contributions can be reasonably segregated from the employer's general assets.

52.    Further, 29 U.S.C. § 1109(a) provides that "[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this chapter shall be personally liable."

53.    Defendant Odunlami is a fiduciary as that term is defined by 29 U.S.C. § 1002(21)(A), and thus is personally liable for the unlawful conduct alleged herein.

54.    DOL Regulation 29 C.F.R. § 2510.3-102(b) sets forth the maximum time to segregate employee contributions for a pension plan as "15th business day of the month following the month in which the participant contribution … are received by the employer (in the case of amounts that a participant or beneficiary pays to an employer) or the 15th business day of the month following the month in which such amounts would otherwise have been payable to the participant in cash (in the case of amounts withheld by an employer from a participant's wages)."

55.    As a Plan Sponsor with more than 100 participants, Defendants' practices with respect Plaintiff and other employees' contributions did not comply with this Regulation. Indeed, the contributions were never segregated, much less in a timely and lawful manner.

56.    DOL Regulation 29 C.F.R. § 2510.3-102(b) sets forth the conditions by which the time to make contributions to a pension plan can be extended. These conditions were not met with respect to the Defendant GenPsych employee contributions.

57.    By failing to segregate employee contributions by Plaintiff and other employees withheld from their pay as employee contributions from Defendant GenPsych's general assets and by failing to remit those employee contributions to the Plan on the earliest date on which the contributions could have been reasonably segregated from the from firm's general assets, Defendants breached their fiduciary duties.

58.    By failing to segregate employee contributions withheld from employees' pay in 2023 from Defendant GenPsych's general assets and by failing to remitting such contributions to the Plan at all, Defendants breached their fiduciary duties with respect to those contributions in 2023.

59.    As a result of Defendants' unlawful conduct, Plaintiff and the Class have been harmed with respect to losing the opportunity to earn investment income

or interest on the funds that were not timely remitted, or remitted at all, to the Plan during the Class Period.

## COUNT II
### Engaging in Prohibited Transactions in
### Violation of ERISA § 406(a), 29 U.S.C. § 1106(a)
### (*On Behalf of Plaintiff and the Class*)

60.    Plaintiff repeats, reaffirms, and realleges the preceding paragraphs of the Complaint as if they were fully restated at length herein.

61.    This count is brought pursuant to 29 U.S.C. § 1132(a)(1)(B).

62.    ERISA § 406(a)(1), 29 U.S.C. § 1106(a)(1), prohibits a fiduciary from causing a Plan to engage in a transaction if he knows or should know that such transaction constitutes a direct or indirect (B) "lending of money or other extension of credit between a plan and a party in interest" or a (D) "transfer to, use by or for the benefit of a party in interest, of any assets of the plan."

63.    ERISA § 3(14), 29 U.S.C. § 1002(14), defines a "party in interest" to include "(A) any fiduciary . . . of such employee benefit plan," (B) "a person providing services to such plan." (C) an employer any of whose employees are covered by such plan; (H) an employee, officer, director (or an individual having powers or responsibilities similar to those of officers or directors), or a 10 percent or more shareholder directly or indirectly, of a person described in subparagraph (B), (C), (D), (E), or (G); or (I) a 10 percent or more (directly or indirectly in capital or

profits) partner or joint venturer of a person described in subparagraph (B), (C), (D), (E), or (G).

64.    As the Administrator of the Plan within the meaning of ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A), Defendant GenPsych is the fiduciary that caused employee contributions to be withheld and transmitted to itself.

65.    As a fiduciary and an as an employer, Defendant GenPsych was and is a "party in interest" as to the Plan that term is defined in ERISA § 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C).

66.    The  contributions withheld from the pay of Plaintiff and the Class were assets of the Plan.

67.    In its capacity as Plan Administrator, Defendant GenPsych failed to remit employee contributions withheld from Plaintiff's and Class Members' pay  to the plan on the earliest possible date and, instead, commingled the withheld employee contributions with the firm's general assets and then once commingled, used the withheld employee contributions to fund Defendant GenPsych's operations.

68.    By failing to remit employee contributions withheld from Plaintiff's and Class Members' pay, allowing those withheld employee contributions to be commingled with the firm's general assets, and using those withheld employee contributions to fund the firm's operations, Defendant GenPsych engaged in a prohibited transaction in violation of ERISA § 406(a)

## COUNT III
### Violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D)
### (*On Behalf of Plaintiff and the Class*)

69.     Plaintiff repeats, reaffirms, and realleges the preceding paragraphs of the Complaint as if they were fully restated at length herein.

70.     This count is brought pursuant to 29 U.S.C. § 1132(a)(1)(B).

71.     ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), requires that a plan fiduciary discharge his or her duties with respect to a plan solely in the interest of the participants and beneficiaries and (D) to act in accordance with the documents and instruments governing the plan insofar as those documents and instruments are consistent with ERISA.

72.     ERISA § 402(a)(1) requires every employee benefit plan to be established and maintained pursuant to a written instrument. Despite her request pursuant to ERISA § 104(b)(4), Plaintiff has been unbale to obtain a copy of the SPD, or any other written instrument governing the plan.

73.     However, upon information and belief, nothing in the written instrument governing the Plan allowed Defendants to withhold monies from Plaintiff and other employees' compensation and not promptly remit those contributions to the Plan in violation of ERISA.

74.    By operating the Plan through a series of policies that were inconsistent with the written instrument of the Plan, Defendants violated ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(D).

75.    Plaintiff and the Class were harmed because despite making contributions to the Plan, those contributions were never remitted, in violation of ERISA and the Plan documents, thus Plaintiff and the Class have lost significant earnings.

## ENTITLEMENT TO RELIEF

76.    By virtue of the violations set forth in the foregoing paragraphs, Plaintiff and the Class are entitled to sue Defendants pursuant to ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), for relief on behalf of the Plan as provided in ERISA § 409, 29 U.S.C. § 1109, including for recovery of any amounts that may be surcharged against Defendants, the recovery of any profits resulting from the breaches of fiduciary duty, and such other equitable or remedial relief as the Court may deem appropriate.

77.    By virtue of the violations set forth in the foregoing paragraphs, Plaintiff and the Class are entitled pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), to sue Defendants for appropriate equitable relief to redress the wrongs described above, including a surcharge in the amount of the benefits to be paid, a

constructive trust over the premiums, disgorgement of any profits on any premiums to which Defendants were not entitled and other injunctive and declaratory relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendants and that the Court award the following relief:

A.     Declaring that Defendants breached their fiduciary duties and engaged in prohibited transactions by failing to remit withheld employee contributions under the Policies, failing to properly segregate the withheld employee contributions from the firm's general assets, and commingling the withheld employee contributions with the firm's general assets;

B.     Enjoining Defendants from commingling the withheld employee contributions with the firm's general assets;

C.     Reforming the terms of the Plan consistent with the description in the Summary Plan Description;

D.     Imposing a surcharge on Defendants to pay the withheld contributions to Plaintiff and Class Members;

E.     Declaring a constructive trust over contributions received by Defendants for as of the date of final judgment;

F.     Requiring Defendants to disgorge any profits that they earned on the contributions wrongfully received and retained;

G.      Requiring Defendants to provide an accounting of all funds withheld from the pay of Plaintiff and the Class and contributions that were owed to the Plan;

H.      Awarding pre-judgment interest and post-judgment interest;

I.      Requiring Defendants to pay Plaintiffs' attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), and/or ordering payment of fees and expenses to Plaintiff's counsel on the basis of the common benefit or common fund doctrine out of any money recovered for the Class; and

J.      Awarding such other and further relief that the Court determines that Plaintiff and the Class are entitled to pursuant to ERISA § 502(a), 29 U.S.C. § 1132(a), or pursuant to Rule 54(c) of the Federal Rules of Civil Procedure or that is equitable and just.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff McClure, on behalf of herself and all others similarly situated, hereby demands a jury trial with respect to all issues triable of right by jury.

## **CERTIFICATION**

It is hereby certified pursuant to 28 U.S.C. § 1746 and pursuant to L.Civ.R. 11.2 that the matter in controversy is not presently the subject of any other action pending in any court or of an arbitration proceeding to date.

Dated: May 21, 2024      By:   */s/ Charles J. Kocher*      

Charles J. Kocher, Esq. (NJ ID 016952004)
Tyler J. Burrell, Esq. (NJ ID 377942021)
Gaetano J. DiPersia, Esq. (NJ ID 442152023)
McOMBER McOMBER & LUBER, P.C.
50 Lake Center Drive, Suite 400
Marlton, NJ 08053
(856) 985-9800
cjk@njlegal.com
tjb@njlegal.com
gjd@njlegal.com

*Attorneys for Class Representative Plaintiff Christelle McClure, on behalf of herself and all others similarly situated for the Rule 23(b)(3) Class*

24